# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-403V
UNPUBLISHED

| | |
|---|---|
| JENNIFER ANDERSON,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: January 27, 2021<br><br>Special Processing Unit (SPU);<br>Dismissal; Untimely Filed; Lookback<br>Provision; Influenza (Flu) Vaccine;<br>Guillain-Barre Syndrome (GBS) |

*Lawrence R. Cohan, Saltz Mongeluzzi & Bendesky, Philadelphia, PA,* for petitioner.

*Mark Kim Hellie, U.S. Department of Justice, Washington, DC,* for respondent.

### DECISION[1]

On March 15, 2019, Jennifer Anderson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered Guillain-Barre Syndrome ("GBS") as a result of an influenza ("flu") vaccine administered on October 2, 2014. The matter was assigned to the Special Processing Unit of the Office of Special Masters.

On July 2, 2020, Respondent filed a combined Rule 4(c) Report and Motion to Dismiss ("Mot."). ECF No. 26. Respondent asserted that Petitioner's claim should be dismissed because it was time-barred under the Vaccine Act. Ms. Anderson filed a response ("Resp.") on August 17, 2020, in which she maintained that her claim was timely

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

under the Act's "lookback" provision, even if she could not meet the onset requirements for a Table flu-GBS claim. ECF No. 28.

Having reviewed the parties' filings, I find that dismissal is warranted. Petitioner's claim was filed over *four years* from the alleged onset date of her injury – well outside the Act's 36-month statute of limitations – and Petitioner concedes that she cannot establish the Table requirements of a flu-GBS injury. Under these circumstances, the "lookback" provision of the Act does not save Petitioner's claim for purposes of the statute of limitations, and it must therefore be dismissed as untimely.

## PROCEDURAL HISTORY

Petitioner initiated this case on March 15, 2019, alleging that she suffered GBS as a result of a flu vaccine administered in "late October 2014." Petition at ¶ 3. In the Petition, Ms. Anderson alleged that she began experiencing lower extremity tingling symptoms on November 14, 2014, and that her symptoms worsened thereafter. *Id.* at ¶ 4. She confirmed that she would subsequently move for subpoena authority to obtain records and consent forms in connection with her vaccination. *Id.* at 2 n.1. Petitioner did so later that month,[3] and an order was issued on April 4, 2019 authorizing Petitioner to serve a subpoena on the University of St. Thomas Health Services, the vaccine administrator. ECF Nos. 8, 10. Petitioner thereafter filed the vaccination records collected pursuant to subpoena (which confirmed the subject vaccine was administered on October 2, 2014) and an affidavit. ECF No. 11. Petitioner filed a Statement of Completion on May 7, 2019. ECF No. 12.

Following the initial status conference held on July 11, 2019, Petitioner filed additional medical records and an amended Statement of Completion. ECF Nos. 16-18. On April 30, 2020, Respondent filed a status report confirming he had reviewed the available records and intended to defend this case. ECF No. 25.

On July 2, 2020, Respondent filed a combined Rule 4(c) Report and Motion to Dismiss. Respondent asserted that Petitioner could not preponderantly establish a presumptive GBS injury under the Vaccine Injury Table, because the onset of her symptoms occurred 43 days after the October 2, 2014 vaccination – a day outside the prescribed 3-42 day Table onset period. Mot. at 9-10. Indeed, Respondent noted that Petitioner herself alleged that her symptoms began 43 days following vaccination, and the medical records were corroborative of this timeline. *Id.*

Given the above, Respondent argued that the Petition should be dismissed because Ms. Anderson could not otherwise maintain an off-Table, causation-in-fact claim

---

[3] Prior to filing her motion for subpoena authority, Petitioner filed medical records on March 18, 2019. Exs. 1-4 (ECF No. 4).

using the "lookback" provision of the Vaccine Act. *Id.* at 10. In support, Respondent cited my dismissal decision in *Randolph v. Sec'y of Health & Human Servs.*, No. 18-1231V, 2020 WL 542735 (Fed. Cl. Spec. Mstr. Jan. 2, 2020). There, I declined to extend the Act's "lookback" provision to off-Table GBS claims that were based on non-viable Table claims that themselves were untimely but would otherwise be saved by the "lookback" provision. *Randolph,* 2020 WL 542735, at *9-12.

Ms. Anderson's responsive brief confirmed that she did not contest that her symptoms began 43 days after vaccination – thus conceding that her claim could not meet the Table requirements for a presumptive GBS injury. Resp. at 2, 5. Nevertheless, Petitioner asserted that because she was advancing a legally valid non-Table claim (unlike the petitioner in *Randolph*), the "lookback" provision saved her otherwise untimely claim for purposes of the statute of limitations. *Id.* at 10-12.

In reply to the above, Respondent argued that the *Randolph* decision dismissing the claim was a legal determination made independent of the facts. Reply at 2 (ECF No. 29). Although Respondent acknowledged that *Randolph* discussed the merits of the potential non-Table claim, he explained that this discussion had no bearing on the ultimate disposition of the case. *Id.* Instead, Respondent asserted that the non-Table claim in *Randolph* was dismissed because it was time-barred as a matter of law. *Id.*

This case is now ripe for a determination.

## ANALYSIS

**I.     Petitioner Cannot Establish a Successful Table Flu-GBS Claim**

Ms. Anderson has conceded that the onset of her GBS symptoms occurred 43 days after vaccination – outside the prescribed Table onset period.[4] I will nevertheless briefly discuss the onset of Petitioner's GBS before turning to her arguments regarding the applicability of the "lookback" provision to this case.[5]

As a general matter, to receive compensation under the Program, a petitioner must prove either 1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine

---

[4] Ms. Anderson alleged in the Petition that she began experiencing tingling symptoms on November 14, 2014. *See* Petition at ¶ 4 (citing Petitioner's January 10, 2015 medical appointment with Dr. Schriefer). And in her brief responding to the Motion to Dismiss, Petitioner reiterated that her "GBS symptoms began on November 14, 2014 when she experienced tingling in her left foot." Resp. at 2, 5.

[5] I have reviewed all the records filed to date. A more complete recitation of the facts can be found in the Petition, the parties' respective briefs, and in Respondent's Rule 4(c) Report. Given the issues involved in this decision, I have limited my discussion to the records most relevant to the onset of Petitioner's GBS injury.

Injury Table – corresponding to one of her vaccinations, or 2) that she suffered an injury that was actually caused by a vaccine. *See* Sections 11(c)(1) and 13(a)(1)(A). Under the Vaccine Act, a petitioner may not be awarded compensation based on the petitioner's claims alone. Rather, the petition must be supported by either the medical records or by a medical opinion. Section 13(a)(1).

The most recent version of the Table, which can be found at 42 C.F.R. § 100.3, identifies the vaccines covered under the Program, the corresponding injuries, and the time period in which the particular injuries must occur after vaccination. Pursuant to the Vaccine Injury Table, GBS is compensable if it manifests within 3-42 days (not less than three days and not more than 42 days) of the administration of a flu vaccination. 42 C.F.R. § 100.3(a)(XIV)(D).

The record plainly demonstrates that Petitioner's GBS symptoms manifested outside the Table-mandated timeframe. On October 2, 2014, Petitioner was administered a flu vaccine at the University of St. Thomas Health Services as a condition of her employment. Ex. 6 at 2-3; Petition at ¶ 3. On December 3, 2014, Petitioner presented to Robert G. Jacoby, M.D., at Noran Neurological Clinic, P.A. Petitioner noted that she had been experiencing back and hip pain, but that a few days around her birthday (November 14) she began to notice numbness, tingling, and pain in her calves and lower back. Ex. 1 at 22.

On December 4, 2014, Petitioner completed a medical history form. *Id.* at 175. In it, she indicated that her lower extremity numbness and weakness began on "11/14." *Id.* The next month, on January 10, 2015, Petitioner presented to Thomas Schriefer, M.D., for a neurological evaluation. Petitioner stated that, on the night of November 14, 2014 – 43 days following the October 2, 2014 vaccination – she noticed a tingling sensation in her left foot and subsequently developed increasing pain, numbness, and weakness. *Id.* at 56. Dr. Schriefer assessed Petitioner with a likely acute axonal motor variant of GBS. *Id.* at 58.

All such facts preponderantly establish that Petitioner cannot meet the Table onset requirements for a flu-GBS claim.

## II.     Petitioner's Non-Table Claim is Time-Barred

A Vaccine Program claim that presents facts "close" to a Table claim's requirements (like a slightly too-long or too-short onset) might still succeed as a causation-in-fact claim, and thus complete dismissal of a petition would not always be merited even if the Table claim clearly could not be advanced. *See, e.g.*, *Greene v. Sec'y of Health & Human Servs.,* No. 11-631V, 2015 WL 9056034 (Fed. Cl. Spec. Mstr. July 31, 2015) (dismissal of Table brachial neuritis claim for failure to meet onset timeframe,

4

while allowing non-Table version to proceed). But, as with any case, a Vaccine Act claim *must* have been timely filed – meaning in most cases within three years/36 months of manifestation of injury onset. Section 16(a)(2).

Here, Petitioner's claim was filed *over four years* after the alleged November 2014 onset date of her injury, making it facially untimely. Ms. Anderson has nevertheless argued that the "lookback" provision of the Vaccine Act (specifically Section 16(b)) saves her non-Table claim. That provision is triggered by any Table revision, and allows petitioners to file otherwise-untimely petitions within two years of the revision's effective date based upon vaccine-related injuries suffered during the eight years prior to the revision. Section 16(b)(2). The lookback thus creates a somewhat shortened limitations period for a narrow class of claims that might have otherwise accrued well *prior* to the Table revision.

Does the lookback save the present claim? Certainly this case was initiated within the temporal limits set by Section 16(b). Indeed, the Petition was filed on March 15, 2019 – within two years of the March 21, 2017 Table amendment to include a defined flu-GBS claim.[6] Petitioner furthermore alleges onset of her injury on November 14, 2014 – well within the eight-year period preceding the amendment's 2017 effective date.

However, as I have previously determined, Section 16(b) does not extend the time to bring a claim that could have been asserted within the Act's three-year limitations period simply because the claim is "close" factually to what the Table amendment permits. *Randolph*, 2020 WL 542735, at *8-12. Rather, it only properly governs otherwise-untimely claims that fit the precise requirements of the Table revision (or that could not have been otherwise asserted before the amendment – which is not the case here, as noted below).[7] My determination on this issue is fully consistent with prior decisions from other special masters. *Gorski v. Sec'y of Health & Human Servs.*, No. 97-156V, 1997 WL 739497, at *6 (Fed. Cl. Spec. Mstr. Nov. 13, 1997).

In her brief, Petitioner attempts to distinguish *Randolph* by noting that she only intended to advance a "legally valid, non-Table injury claim" – and thus her inability to meet the Table requirement is immaterial. Resp. at 10-12. She also maintains that a 43-day onset falls within a "scientifically recognized time-span of when her influenza vaccine

---

[6] Effective for petitions filed beginning on March 21, 2017, GBS was an injury listed on the Table. *See* National Vaccine Injury Compensation Program: Revisions to the Vaccine Injury Table, Final Rule, 82 Fed. Reg. 6294 (Jan. 19, 2017); National Vaccine Injury Compensation Program: Revisions to the Vaccine Injury Table, Delay of Effective Date, 82 Fed. Reg. 11321 (Feb. 22, 2017) (delaying the effective date of the final rule until March 21, 2017).

[7] The lookback also means that cases invoking it as a limitations exception will be evaluated for their Table viability *despite* their facial untimeliness (*Randolph,* 2020 WL 542735, at *11) – precisely what has happened here, since my decision to dismiss based on the Act's statute of limitations only follows the determination that the claim cannot succeed as a Table claim congruent with the Table amendment.

could have caused her GBS symptoms," and therefore has a nascent viability even though she could not meet the Table onset requirements. *Id.* at 11.

I readily concede that a timely-filed, non-Table flu-GBS claim alleging a 43-day onset could well succeed if supported by reliable evidence (particularly with respect to the onset timeframe). Indeed, I have decided (rather than dismissing out of hand) non-Table claims alleging onset falling outside of the Table's requirements. *See, e.g., Rowan v. Sec'y of Health & Human Servs.,* No. 17-760V, 2020 WL 2954954 (Fed. Cl. Spec. Mstr. Apr. 28, 2020) (addressing non-Table claim that the petitioner's GBS began within 36 hours of vaccination). But as I stated in *Randolph,* Section 16(b) is not reasonably interpreted so broadly, such that it greatly enlarges the limitations period for claims that parallel a Table claim but cannot quite meet the claim's Table requirements. *Randolph*, 2020 WL 542735, at *10-12. As a result, arguments that Petitioner's claim might succeed as a non-Table claim cannot get around the claim's untimeliness – especially since claims alleging a flu vaccine injury have been generally permitted under the Act *for more than 15 years. Id.* at *9.

## CONCLUSION

Petitioner cannot offer preponderant evidence to establish a Table claim, rendering the case untimely despite the operation of Section 16(b). Accordingly, for the reasons described above, Respondent's Motion to Dismiss is **GRANTED**, and this case is hereby **DISMISSED**.[8]

**IT IS SO ORDERED.**

                                                      **s/Brian H. Corcoran**
                                                      Brian H. Corcoran
                                                      Chief Special Master

---

[8] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.